*In re* Elliott.

out the necessity of the issue of a formal commitment, although this we do not decide, yet the law does expressly provide that a record shall be made which shall state the essential facts upon which the judgment was founded; and to the contents of this record alone must we look for the authority to restrain the applicant from his liberty.

The record in the case before us charges the preparing, filing and presenting a certain insulting and scandalous supplemental motion. What the words construed as insulting and scandalous were does not appear.

Proceedings for contempt are in the nature of criminal prosecutions, and the law relating thereto must be construed accordingly. The designation of the motion as insulting and scandalous is not such a specification of the conduct constituting such contempt as is required by the law. The language claimed to be insulting and scandalous should be set out, so that its nature and effect could be determined.

The petitioner will be discharged.

———

*In re* FRANK W. ELLIOTT, *Petitioner.*

**No. 761.** ( 59 Pac. 673.)

PRACTICE, DISTRICT COURT—*Contempt Proceedings—Insufficient Record.* A judgment for contempt in swearing to and filing an affidavit for new trial, without specifying the insulting language used, is defective, under section 12, chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1935), for failing to set forth the contemptuous act.

Original proceeding in *habeas corpus.* Opinion filed January 4, 1900. Petitioner discharged.

*G. C. Clemens*, and *Jas. Falloon*, for petitioner.
*S. M. Brewster*, and *A. Perry*, for respondent.

The opinion of the court was delivered by

McELROY, J.: The applicant, Frank W. Elliott, is the publisher of a newspaper at Troy, Doniphan county, Kansas. Elliott was, on November 3, 1899, fined by the district court of Doniphan county twenty-five dollars for an alleged contempt of court in swearing to and filing his affidavit in support of a motion for a new trial in the case of The State of Kansas against Frank W. Elliott, an action for criminal libel pending in said court, and the sheriff was ordered to take him into his custody and keep him confined in the jail until said fine should be paid. To inquire into the legality of such commitment this proceeding was instituted.

To the writ of *habeas corpus* the sheriff made return that he held the applicant by virtue of an order of commitment made by said district court, of which the following is a copy:

"*In the District Court of Doniphan County, Kansas.*

"THE STATE OF KANSAS, *Plaintiff*, }
        v.
FRANK W. ELLIOTT, *Defendant*. }

"In the matter of the contempt of Frank W. Elliott, November 3, 1899, at the adjourned term of said court. This matter came on for hearing on the 3d day of November, 1899, upon the order of the court for said Frank W. Elliott to show cause why he should not be punished for contempt for swearing to and filing his affidavit in support of a motion for a new trial in the case of The State of Kansas against Frank W. Elliott, an action for criminal libel pending in said court. The said Frank W. Elliott being duly heard and showing no cause why he should not be punished for con-

tempt of court in filing and swearing to such affidavit in said court, and he making no apology for said act, the court doth adjudge the said Frank W. Elliott guilty of contempt, and doth adjudge as a punishment therefor that he pay to the clerk of said court the sum of twenty-five dollars, and that he stand committed to the jail of Doniphan county, Kansas, until said fine is paid, and the sheriff of said county is ordered to take said Frank W. Elliott into his custody and keep him confined in said jail until said fine is paid.''

The punishment ordered was adjudged as for a direct contempt without written accusation under the provisions of section 12 of chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1935).

. As was said by this court in *In re Moxcey* (just decided) :

''The evident intention of the legislature in enacting this section was, among other things, to require the judge or court in the summary punishment of direct contempt to make a record specifying the conduct constituting such contempt and the defense or extenuation offered by the accused, so as to enable all persons interested to decide upon the legality of the judgment. While the punishment is summarily inflicted without written accusation and probably without the necessity of the issue of a formal commitment, although this we do not decide, yet the law does expressly provide that a record shall be made which shall state the essential facts upon which the judgment was founded; and to the contents of this record alone must we look for the authority to restrain the applicant from his liberty.''

The record in the case before us charges the swearing to and filing of his affidavit in support of a motion for a new trial. In what respect this affidavit was contemptuous, if it was so, does not appear. The acts done by Elliott are not even designated as contemptu-

ous, nor are they set out. There are no specific acts of conduct constituting a contempt charged, as is required by law. The insulting and scandalous language constituting the contempt should be set out, so that its nature and effect could be determined from an inspection of the record.

This affidavit was executed and filed at a time when the court was not in session. Does the mere filing of an affidavit containing insulting and scandalous language under such circumstances constitute a direct contempt? It is not necessary, however, to determine this question, inasmuch as the petitioner must be discharged for the reasons before stated.

The petitioner is discharged from custody.